IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony L. Mattison, | ) | C/A No. 0:15-2323-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Anthony L. Mattison, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Mattison was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 15.) Mattison filed a response in opposition to the respondent's motion. (ECF No. 17.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Mattison's Petition be denied.

## BACKGROUND

Mattison was indicted in July 2007 in Anderson County for possession with intent to distribute ("PWID") crack cocaine (2007-GS-04-1889). (App. at 292-93, ECF No. 13-2 at 144-45.) Mattison was represented by Kurt Tavernier, Esquire, and on January 11 and January 13-14, 2010

was tried before a jury and found guilty as charged.  (App. at 201, ECF No. 13-2 at 53.)  The circuit

court sentenced Mattison to twenty-five years' imprisonment.  (App. at 205, ECF No. 13-2 at 57.)

Mattison timely appealed and was represented by Kathrine H. Hudgins, Esquire, of the South

Carolina Commission on Indigent Defense, Office of Appellate Defense, who filed an Anders[1] brief

on Mattison's behalf that raised the following issue:

> Did the trial judge err in refusing to suppress the drugs when the chain of custody
> form was notarized five days before the drugs were actually delivered to SLED for
> testing?

(ECF No. 13-4.)  Mattison filed a *pro se* response to the Anders brief in which he raised the

following issue:

> Did the trial judge err in refusing to suppress all evidence based on unlawful arrest
> and search of Defendant.

(ECF No. 13-5.)  On February 22, 2012 the South Carolina Court of Appeals dismissed Mattison's

appeal.  (State v. Mattison, Op. No. 2012-UP-084 (S.C. Ct. App. filed Feb. 22, 2012), App. at 295,

ECF No. 13-2 at 147.)  The remittitur was issued on March 12, 2012.  (App. at 296, ECF No. 13-2

at 148.)

Mattison filed a *pro se* application for post-conviction relief ("PCR") on March 12, 2012 in

which he raised the following claims:

> 1)    My conviction and sentence was in violation of the Constitution of the United
>       States and the Constitution and laws of this state.

---

[1] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to
withdraw after finding the "case to be wholly frivolous" following a "conscientious examination"
must submit a brief referencing anything in the record that arguably could support an appeal; furnish
a copy of that brief to the defendant; and after providing the defendant with an opportunity to
respond, the reviewing court must conduct a full examination of the proceedings to determine if
further review is merited.  Anders, 386 U.S. at 744.



2)     Trial Court lacked subject natter jurisdiction.  Counsel failed to object to the defective indictment #2007-GS-04-01889[.]

3)     Applicant was denied effective assistance of Appellate Counsel in violation of the 6th Amendment.  See Anders Brief/Record on Appeal.

4)     Appellate Counsel failed to raise my amended indictment issue on appeal.

5)     Appellate Counsel failed to raise my illegal and excessive sentence claim on appeal/and Motion to Suppress.

6)     Counsel ineffective for conceding guilt on applicant's behalf, without consent.

7)     Counsel failed to put the state's case through adversarial testing.

8)     Counsel failed to challenge the alleged drugs in the state's possession. Tampering/chain of custody/admissibility.

9)     Counsel failed to object to the Reasonable Doubt jury charge.

10)    Counsel's failure to object to trial judges comments which invited jury to prematurely discuss case.

11)    Counsel failed to object to the pitting of witnesses.

12)    Counsel ineffective for denying applicant a full and fair consideration of his Fourth Amendment claims at trial and on direct review.

13)    Counsel ineffective for vouching for a police officer.

14)    Counsel failed to object to solicitor bolstering of Captain Marsee.

(See Mattison v. State of South Carolina, 2012-CP-04-1045; App. at 207-28, ECF No. 13-2 at 59-80) (errors in original).  The State filed a return.  (App. at 235-39, ECF No. 13-2 at 87-91.)  On October 3, 2012, the PCR court held an evidentiary hearing at which Mattison appeared and testified and was represented by Daniel L. Draisen, Esquire.[2]  By order filed December 3, 2012, the PCR court denied

---

[2] Trial counsel and appellate counsel did not appear or testify at the PCR hearing.



and dismissed with prejudice Mattison's PCR application. (App. at 276-85, ECF No. 13-2 at 128-37.) Mattison filed a motion to alter or amend the judgment (App. at 287-89, ECF No. 13-2 at 139-41), which was denied by order filed February 15, 2013. (App. at 291, ECF No. 13-2 at 143.)

On appeal, Mattison was represented by LaNelle Cantey DuRant, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition for a writ of certiorari that presented the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not having the blue cup (open container) independently tested for alcohol because Petitioner was arrested for an open container violation which led to the discovery of the crack cocaine on his person during booking for the arrest of the open container?

(ECF No. 13-7.) Mattison filed a *pro se* response to the Johnson petition in which he raised the following issues:

1).     Did the PCR Court violate Applicant's due process rights by not requiring Trial Counsel to testify in Applicant's PCR Hearing?

2).     Did the PCR Court abuse his discretion when he allowed the case to go forward without testimony from Applicant's Trial Counsel?

3).     Did the PCR Judge err by not affording the Applicant a full bite of the apple as mandated with all the PCR Rules of Protection?

4).     Was the PCR Court's decision an unreasonable determination of the facts in light of the evidence presented?

5).     Was the PCR Court's decision an unreasonable determination contrary to the U.S. Supreme Court's precedent and by applying a legal context that should not have applied and decisions that were objectively unreasonable?

6).     Did the PCR Court err by dismissing Applicant's Motion to Alter/Amend Judgement?

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



7).    Did Applicant's Trial Attorney violate his Sixth Amendment right to the effective assistance of counsel when he conceded during the closing argument without Petitioner's knowledge or approval, and despite Petitioner taking a jury trial and clothing himself with the role of innocence?   Applicant contended that his attorney argued to the jury in closing argument without Petitioner's knowledge or consent.

8).    Was Counsel ineffective for failure to put the State's case through adversarial testing?  Counsel failed to renew Motion for Probable Cause to preserve for appellate review.

9).    Did the Trial Court lack Subject Matter Jurisdiction to convict Applicant for an offense when there was no indictment charging him with that offense at the time jury was sworn?  Counsel should have objected to indictment.

10).   Was Counsel ineffective for allowing Trial Court to amend Indictment # 2007-GS-04-1889?

11).   Did the Trial Judge err in refusing to suppress all evidence based on unlawful arrest and search of Defendant?

12).   Was Counsel ineffective for failure to review my Probable Cause Motion? Counsel failed to argue Probable Cause properly.

13).   Was Counsel ineffective for failure to challenge the admissibility of the alleged drugs?

14).   Was Counsel ineffective for failure to object to the reasonable doubt charge?

15).   Was Counsel ineffective for failure to object to "pitting" of witness?

(ECF No. 13-8) (errors in original).  On April 23, 2015, the South Carolina Supreme Court issued an order denying Mattison's petition for a writ of certiorari.  (ECF No. 13-9.)  The remittitur was issued on May 12, 2015.  (ECF No. 13-10.)  This action followed.

## FEDERAL HABEAS ISSUES

Mattison's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Violation of the United States Constitution Fourth Amendment



**Supporting Facts:**  The trial judge failed to suppress all evidence based on a unlawful arrest and search of Petitioner.

**Ground Two:**  Denial of effective assistance of Trial Counsel in violation of the United States Constitution Sixth Amendment & violation of the Fourth Amendment.
**Supporting Facts:**  Petitioner's arrest was allegedly a result of a "open container" charge, concerning some substance (unknown & untested) in a blue cup.  Upon being booked into the county jail some crack cocaine was discovered on his person & he was charged with it.  If there was no probable cause to stop petitioner & then no proof of a open container violation, anything discovered after that was in violation of Petitioner's 4th Amendment Rights.

**Ground Three:**  Ineffective Assistance of Trial Counsel in violation of the United States Constitution & Ineffective Assistance of Appellate Counsel.
**Supporting Facts:**  Petitioner raised the following claims:  His conviction & sentence was in violation of the U.S. Constitution; S.C. Constitution & laws of S.C.; he [a] failed to object to a defective indictment; [b] conceded Applicant's guilt; [c] failed to put the States case thru adversarial testing; [d] failed to challenge the chain of custody & admissibility of the drugs; [e] failed to object to the reasonable doubt charge; [f] failed to object to trial judges comments & jury prematurely discussed case; [g] failed to object to pitting of witnesses; [h] denied the Applicant a full & fair consideration of his 4th Amendment claim; [i] vouched for a police officer; [j] failed to object to the Solicitor bolstering of Captain Marsee; [k] failed to raise the issue of an amended indictment & failed to raise the issue of an illegal and excessive sentence (Appellate Counsel).

**Ground Four:**  Denial of Due Process of Law & Equal Protection of the law in violation of the United States Constitution
**Supporting Facts:**  Petitioner's PCR application contended his trial counsel (Kurt Tavernier) was ineffective & that his Appellate defense counsel (K. Hudgins) was ineffective.  Neither of these lawyers showed up at the PCR hearing to give testimony to the contrary under oath & there is no record saying either disagreed.  I was denied due process of law & equal protection of the law by the PCR court denying my PCR without any witnesses to refute my allegations.

(Pet., ECF No. 1) (citations omitted; errors in original).



## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



<u>Cruz v. Beto</u>, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000); <u>see also</u> <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); <u>Harrington v. Richter</u>, 562 U.S. 86, 100 (2011); <u>Humphries v. Ozmint</u>, 397 F.3d 206 (4th Cir. 2005); <u>McHone v. Polk</u>, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103).   Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Harrington, 562 U.S. at 101.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.     **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

**1.    Claims That Are Not Cognizable**

**a.    Ground One**

In Ground One, Mattison argues the trial judge erred by failing to suppress the State's evidence and find that the search and arrest of Mattison was an unreasonable search and seizure in violation of the Fourth Amendment.  However, Mattison's freestanding Fourth Amendment claim cannot constitute grounds for habeas relief, as he has not demonstrated that he did not have a full and fair opportunity to litigate this claim in state court.  See Stone v. Powell, 428 U.S. 465, 494 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"); Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir.1978) (applying Stone and holding that where a state court provides a mechanism under state practice to litigate Fourth Amendment claims, the court "need not inquire further into the merits of the petitioner's case . . . unless the prisoner alleges something to indicate his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired").  The record shows Mattison was afforded the opportunity to, and did, raise a Fourth Amendment challenge to his search and arrest at trial.  (App. at 20, ECF No. 13-1 at 22.) Also, Mattison fails to show that his opportunity to raise this issue in state court was impaired.  See Doleman, 579 F.2d at 1265.  Accordingly, Mattison may not be granted federal habeas relief on this claim, and the respondent is entitled to summary judgment on Ground One of the petition.

### b.    Ground Four

In Ground Four, Mattison argues he was denied due process and equal protection of the law because trial counsel and appellate counsel did not testify at the PCR hearing.  Mattison fails to state a claim upon which relief may be granted because complaints about alleged defects in collateral review proceedings and procedures are not cognizable in a federal habeas action.  See § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  Mattison's claim involves issues related to the proceeding in which he collaterally attacked his conviction, rather than the proceedings that have culminated in his detention.  See Lawrence, 517 F.3d at 717 ("A state prisoner has no federal constitutional right to post-conviction proceedings in state court. . . . Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.") (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)).  Accordingly, Mattison's claim of errors in his PCR proceeding is not cognizable, and the respondent is entitled to summary judgment on Ground Four.

### 2.    Procedural Bar

### a.    Claims Respondent Argues Were Not Raised at PCR

In Ground Three (c), Mattison argues trial counsel was ineffective because he failed to put the State's case through adversarial testing.  In Ground Three (h), Mattison argues trial counsel was ineffective because he denied Mattison full and fair consideration of his Fourth Amendment claim.



The respondent argues Grounds Three (c) and Three (h) are procedurally barred from federal habeas review because they were not ruled on by the PCR judge.  The court disagrees.

As to Ground Three (c), the respondent argues Mattison raised this claim in his PCR application but it was not addressed on the merits by the PCR court.  However, at the PCR hearing, in direct response to PCR counsel's question to Mattison as to what Mattison meant in his PCR application when he alleged trial counsel failed to subject the State's case to "adversarial testing," Mattison testified trial counsel was ineffective for failing to test the blue Solo cup for alcohol and fingerprints.  The PCR court ruled on this issue, stating he could not speculate as to what the results of such a test would show.   (App. at 279, ECF No. 13-2 at 131.)  Accordingly, this claim is not procedurally barred because it was raised to and ruled on by the PCR court.  See Lawrence v. Branker, 517 F.3d at 714.

As to Ground Three (h), this claim was expressly ruled on by the PCR court.  At the PCR hearing, Mattison testified trial counsel was ineffective because he did not raise any Fourth Amendment objections at trial.  (App. at 265, ECF No. 13-2 at 117.)  The PCR court found Mattison failed to show trial counsel did not make objections based on the Fourth Amendment because the trial transcript showed trial counsel challenged the State's evidence on Fourth Amendment grounds, and Mattison failed to articulate what other Fourth Amendment challenges should have been made.  (App. at 281, ECF No. 13-2 at 133.)  Accordingly, this claim is not procedurally barred because it was raised to and ruled on by the PCR court.  See Lawrence v. Branker, 517 F.3d at 714.

### b.    Claims Respondent Argues Were Not Raised in Mattison's PCR Appeal

Respondent argues Grounds Three (i) and Three (k) are procedurally barred from federal habeas review because they were not raised in Mattison's PCR appeal.  The court disagrees.



As Grounds Three (i) and Three (k) were raised to and ruled on by the PCR court, (App. at 282, ECF No. 13-2 at 134; App. at 283-84, ECF No. 13-2 at 135-36), and thus preserved for appellate review on certiorari, the state appellate court reviewed these claims pursuant to the procedures outlined in Anders because PCR appellate counsel filed a Johnson petition for a writ of certiorari.  See Johnson, 364 S.E.2d at 201(stating counsel may withdrawal from representation in a meritless PCR appeal if the procedures in Anders are followed); see also Jamison v. State, 765 S.E.2d 123, 128 (S.C. 2014) ("This Court recently held that, '[u]nder the Anders procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit.' ") (emphasis in original) (quoting McHam v. State, 746 S.E.2d 41, 46 (S.C. 2013)); Plyler v. State, 424 S.E.2d 477 (S.C. 1992) (providing that, in order for an issue to be preserved for review on appeal from a PCR action, the issue must have been raised to an ruled on by the PCR judge).  Therefore, the Anders procedures followed by the South Carolina appellate courts in reviewing Johnson petitions for a writ of certiorari necessarily encompass a review of all issues raised to and ruled on by the PCR court.  Accordingly, the court rejects the respondent's contention that because neither PCR appellate counsel nor Mattison *expressly* listed these claims in the Johnson petition for a writ of certiorari or the *pro se* response, the claims are procedurally barred.

### 3.    Merits Review

#### a.    Ineffective Assistance of Counsel Claims Generally

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his



representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

    To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105.  The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).  The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's



written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which

may provide reasons or theories that the appellate court could have relied upon in summarily denying

Mattison's Petition.  Having reviewed the PCR court's order pursuant to the § 2254 standard, the

court finds for the reasons that follow that the state court did not unreasonably misapply the

Strickland test in determining that no Sixth Amendment violation occurred.

> ### b.     Ground Two

In Ground Two, Mattison argues trial counsel was ineffective because he failed to move to

suppress the State's evidence based on the police officers' lack of probable cause to arrest and search

Mattison.  At trial, the State sought to prove the police officers found crack cocaine on Mattison's

person while Mattison was being booked at the detention center for driving with an open container

of wine.[1]  (App. at 61-62, ECF No. 13-1 at 63-64.)  Before trial, trial counsel moved to suppress all

evidence found as a result of Mattison's arrest for driving with an open container.  (App. at 19, ECF

No. 13-1 at 21.)  Trial counsel argued the police lacked probable cause to arrest Mattison because

they never verified that the liquid in the container, a blue Solo cup, was alcohol, and instead, only

relied on their perception that the cup smelled of alcohol after Mattison poured out the cup's contents

in front of the police officers.  (App. at 19-20, ECF No. 13-1 at 21-22.)  The trial court denied the

motion, finding that it was not necessary for the officers to test the substance for alcohol because a

person of common experience and knowledge could detect the odor of alcohol.  (App. at 21, ECF

No. 13-1 at 23.)

---

[1] See S.C. Code Ann. § 61-4-110 (2009) ("It is unlawful for a person to have in his possession, except in the trunk or luggage compartment, beer or wine in an open container in a motor vehicle of any kind while located upon the public highways or highway rights of way of this State.").



At the PCR hearing, Mattison testified trial counsel was ineffective because he did not present any evidence to show that the blue cup did not contain alcohol. (App. at 258, ECF No. 13-2 at 10.) The PCR court found Mattison failed to meet his burden of proving trial counsel should have moved to suppress the evidence in this case. (App. at 279, ECF No. 13-2 at 131.) The PCR court noted trial counsel moved to suppress the drugs found on Petitioner's person, the contraband found in Petitioner's trunk, and the cup that allegedly contained alcohol. (Id.)

The court concludes the PCR court's finding is not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). Petitioner's claim that trial counsel was ineffective for failing to move to suppress the State's evidence is patently without merit because trial counsel in fact made such a motion before trial. Moreover, Petitioner failed to articulate an alternative basis upon which trial counsel could have moved to suppress the evidence that would likely have been successful. Therefore, the PCR court reasonably found that Petitioner failed to meet his burden of showing trial counsel was deficient. See Strickland, 466 U.S. at 688. Accordingly, the PCR court's finding that Petitioner failed to show trial counsel was ineffective is not an unreasonable application of the Strickland test, and the respondent is entitled to summary judgment as to Ground Two.

### c.    Ground Three (a)

In Ground Three (a), Mattison argues trial counsel was ineffective for failing to object to the indictment. Mattison was indicted for PWID crack cocaine. (App. at 292, ECF No. 13-2 at 144.) The indictment listed S.C. Code Ann. § 44-53-375 as the statute under which Mattison was charged. (Id.) Subsections (B)(1)-(3) of that statute provide the penalties for first, second, and subsequent offenders of the statute. Mattison's indictment listed subsection (B)(1), which applies to first-time

offenders (id.), but he was sentenced to PWID 3rd, which is covered in subsection (B)(3).  (App. at 232, ECF No. 13-2 at 84.)

At the PCR hearing, Mattison testified trial counsel was ineffective because he did not make a sufficient objection to the fact that Mattison was tried for an offense for which he was not indicted. (App. at 250, ECF No. 13-2 at 102.)  Mattison also testified that his PWID conviction at issue here was only his second PWID offense, not third.  (App. at 251, ECF No. 13-2 at 103.)  The PCR court found Mattison failed to show trial counsel should have objected to the indictment.  (App. at 278, ECF No. 13-2 at 130.)  The PCR court found no basis for trial counsel to object to the indictment because Mattison was not specifically indicted under the statutory section for a first offense.  (Id.)

The court finds the PCR court's finding is not contrary to, or an unreasonable application of, clearly established federal law.  See § 2254(d)(1).  To show trial counsel's performance was deficient under Strickland on this claim, Petitioner would have to show trial counsel had a basis to object to the indictment under state law.  In South Carolina, indictments are notice documents, intended to inform the defendant of the charges against him.  See State v. Smalls, 613 S.E.2d 754, 756 (S.C. 2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.*, to appraise him of the elements of the offense and to allow him to decide whether to ple[a]d guilty or stand trial.") (quoting Evans v. State, 611 S.E.2d 510, 517 (S.C. 2005)). However, sentence enhancements for subsequent convictions of the same offense are not elements of an offense that must be affirmatively listed in an indictment.  See State v. Scriven, 529 S.E.2d 71, 73 (S.C. Ct. App. 2000) ("Where a statute increases the punishment for a second or subsequent offense, the allegation that the offense charged in the indictment was of that character is unnecessary.").  Therefore, the fact that Mattison was indicted and sentenced under different

sentencing enhancement subsections of § 44-53-375 provides no basis upon which trial counsel could have objected to the indictment under state law because the sentencing enhancements are not elements of the PWID charge that must be included in the indictment. (Id.) Accordingly, the PCR court's finding that trial counsel was not ineffective on this issue was not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (a).

### d.     Ground Three (b)

In Ground Three (b), Mattison argues trial counsel was ineffective because he conceded Mattison's guilt at trial. At trial, the defense never contested the State's evidence that showed police officers found crack cocaine on Mattison's person during a search incident to Mattison's arrest. Trial counsel stated during opening statements:

> [L]adies and gentlemen of the jury, the sole issue before you today that you are going to have to determine is not whether Mister Mattison had drugs in his possession. The issue is going to be whether they were for his own personal use or whether they were possessed with the intent to distribute. . . . I ask that you come back with a verdict that speaks the truth and that is the verdict of possession of crack, not possession with intent to distribute crack cocaine.

(App. at 63-64, ECF No. 13-1 at 65-66.) During closing arguments, trial counsel again conceded that Mattison possessed crack cocaine, stating:

> Now, his Honor is going to give to you, probably to [the foreman], a verdict sheet and that verdict sheet is going to contain three possible verdicts. It's going to contain not guilty, possession, possession within intent to distribute. Ladies and gentlemen, you don't need—and I've already cleared this with Mister Mattison, he understands it—you don't need to consider the not guilty. He readily admits he had drugs in his possession.

(App. at 184, ECF No. 13-2 at 36.)



At the PCR hearing, Mattison testified that throughout his trial, trial counsel would look at the jury and say, "You can find my client guilty, but find him guilty of something less so he don't get the full punishment or the sentence that he should—that he might be facing." (App. at 254, ECF No. 13-2 at 106.) Mattison testified he disagreed with trial counsel's strategy of conceding guilt on the simple possession charge while fighting the PWID charge. (App. at 255, ECF No. 13-2 at 7.)

The PCR court found Mattison failed to show trial counsel was ineffective on this claim. (App. at 279, ECF No. 13-2 at 131.) The PCR court found the record clearly showed trial counsel's strategy was to argue the crack cocaine was for Mattison's personal use and not for distribution. (Id.) The PCR court found Mattison was not prejudiced by trial counsel's concession because the drugs were found on Mattison's body during a lawful search. (Id.)

The court finds the PCR court's finding that Mattison was not prejudiced by trial counsel's strategy of conceding Mattison's guilt for simple possession is not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). The record shows no dispute that Mattison was in possession of crack cocaine. (App. at 93-95, ECF No. 13-1 at 67-69.) Therefore, Mattison was not prejudiced by trial counsel's concession of his guilt of simple possession where there was no factual dispute that Mattison met the elements of the offense. See S.C. Code Ann. § 44-53-375(A)-(B) (providing that possession of cocaine base without the intent to manufacture or distribute is unlawful). Mattison failed to present any evidence that the outcome of his trial would have been different had trial counsel not conceded his guilt of simple possession. See Strickland 466 U.S. at 693. Further, trial counsel's strategy of conceding guilt on the lesser simple possession charge was reasonable considering Mattison's guilt of that charge was undisputed and the PWID charge carried a higher penalty. See McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In



evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance.") (citing <u>Strickland</u>, 466 U.S. at 689); <u>see also</u> <u>United States v. Thomas</u>, 417 F.3d 1053, 1058 (9th Cir. 2005) (finding trial counsel was not ineffective for conceding the defendant's guilt on a charge that was, "for all practical purposes, incontestible, and [where] he believed that doing so would enhance his credibility on counts where the evidence was somewhat less clear and the penalties significantly greater"). Accordingly, the PCR court's finding that trial counsel was not ineffective was not contrary to, or an unreasonable application of, the <u>Strickland</u> test, and the respondent is entitled to summary judgment as to Ground Three (b).

### e.    Ground Three (c)

In Ground Three (c), Mattison argues trial counsel was ineffective because he failed to put the State's case through adversarial testing. Before trial, trial counsel moved to suppress all evidence found as a result of Mattison's arrest for driving with an open container, arguing the police officers lacked probable cause to stop Mattison. (App. at 19, ECF No. 13-1 at 21.) Trial counsel argued the police officers never verified that the cup in Mattison's car contained alcohol, relying on the smell of the cup rather than independently testing its contents. (App. at 19-20, ECF No. 13-1 at 21-22.) The trial court denied the motion, finding that it was not necessary for the officers to test the substance for alcohol because a person of common experience and knowledge could detect the odor of alcohol. (App. at 21, ECF No. 13-1 at 23.)

At the PCR hearing, Mattison testified trial counsel failed to put the State's case through adversarial testing because trial counsel did not test the contents of the cup that the police claimed contained alcohol. (App. at 257, ECF No. 13-2 at 109.) Mattison stated trial counsel should have



tested the contents of the cup for alcohol and the cup itself for fingerprints. (Id.) The PCR court found Mattison failed to show trial counsel should have tested the cup. (App. at 279, ECF No. 13-2 at 131.) The PCR court found it could not speculate as to the results of such a test because Mattison failed to seek a discovery order for an independent test of the evidence. (App. at 280, ECF No. 13-2 at 132.)

The court finds the PCR court's decision was not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). Mattison failed to show he was prejudiced by trial counsel's failure to test the cup because he presented no evidence at the PCR hearing that the results of the testing would have been favorable to his defense. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992) (stating ineffective assistance of counsel claims that are based on speculation do not meet the burden of showing prejudice under Strickland); Bruce v. Robinson, 9:09-1383-PMD-BM, 2010 WL 4318871 (D.S.C. 2010) (stating a habeas petitioner's speculation, without evidence, that the outcome of his trial would have been different absent counsel's purported deficiencies, does not satisfy the prejudice prong of Strickland). Therefore, Mattison failed to show the outcome of his trial would have been different had trial counsel tested the cup. See Strickland 466 U.S. at 693. Accordingly, the PCR court's decision was not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (c).

###### f.    Ground Three (d)

In Ground Three (d), Mattison argues trial counsel was ineffective because he failed to challenge the admissibility of the drugs based on their chain of custody. At trial, trial counsel moved to suppress the crack cocaine evidence based on law enforcement's failure to properly notarize



documents that established the State's chain of custody of the drugs. (App. at 14, 110; ECF No. 13-1 at 16, 112.) Trial counsel admitted to the trial court that he had no reason to believe that law enforcement's failure to properly notarize the chain of custody documents was evidence that the drugs had been tainted or tampered with. (App. at 14-15, ECF No. 13-1 at 16-17.) The trial court denied the motion to suppress, finding the improperly notarized documents went to the weight of the evidence, not its admissibility. (App. at 19, 111; ECF No. 13-1 at 21, 113.)

At the PCR hearing, Mattison testified trial counsel was ineffective because he conceded the fact that the drugs had not been tampered with. (App. at 260-61, ECF No. 13-1 at 112-13.) He testified trial counsel should have argued that the evidence had been tampered with, based on his challenge to the chain of custody. (Id.) The PCR court found Mattison failed to meet his burden of proving trial counsel did not properly challenge the chain of custody of the drug evidence. (App. at 280, ECF No. 13-2 at 132.) The PCR court found trial counsel's motion to suppress based on chain of custody rather than tampering "was in keeping with trial counsel's strategy," and Mattison failed to show any other problems with the chain of custody that trial counsel could have investigated. (Id.)

The court finds the PCR court's finding is not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). Mattison failed to show he was prejudiced by trial counsel's concession that the evidence was not tampered with because he provided no evidence of tampering. See Bradford, 953 F.2d at 1012. Therefore, Mattison failed to show the outcome of his trial would have been different had trial counsel argued the evidence was tampered with. See Strickland 466 U.S. at 693. Accordingly, the PCR court's finding that trial counsel was not ineffective was not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (d).

PJG

g.     **Ground Three (e)**

In Ground Three (e), Mattison argues trial counsel was ineffective because he did not object to the trial judge's jury charge on reasonable doubt. At the PCR hearing, Mattison testified trial counsel failed to clarify to the jury what would constitute reasonable doubt. (App. at 262, ECF No. 13-2 at 114.) The PCR court found Mattison failed to prove trial counsel should have objected to the reasonable doubt jury charge because Mattison did not articulate why he believed the charge was deficient, and regardless, the charge used by the trial judge has been found to be adequate.[2] (App. at 280-81, ECF No. 13-2 at 132-33.)

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). To show trial counsel's performance was deficient under Strickland, Petitioner would have to show trial counsel had a basis to object to the jury instruction under state law. Mattison provided no evidence at the PCR hearing to show the trial judge's reasonable doubt jury instruction was improper. See generally, State v. Brandt, 713 S.E.2d 591, 603 (S.C. 2011) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law.") (quoting State v. Adkins, 577 S.E.2d 460, 464 (S.C. Ct. App. 2003)). Therefore, Mattison failed to demonstrate trial counsel had a basis under state law to object to the charge as given or clarify the reasonable doubt standard to the jury in closing. See Strickland 466 U.S. at 688. Accordingly, the PCR court's decision that trial counsel's failure to object to the jury instruction was not deficient was not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (e).

---

[2] The PCR court cited to State v. Simmons, 682 S.E.2d 19, 37 (S.C. Ct. App. 2009), to support this finding.

Page 24 of 33



### h.  Ground Three (f)

In Ground Three (f), Mattison argues trial counsel was ineffective because he did not object to comments by the trial judge that caused the jury to deliberate prematurely.  At the PCR hearing, Mattison testified that the trial judge instructed the jury that they could discuss the case during the recesses of the trial.  (App. at 262, ECF No. 13-2 at 114.)  When asked to specify when during the trial, or where in the record, the trial judge made such comments to the jury, Mattison responded only that "It had to be during the second day of trial."  (App. at 262-63, ECF No. 13-2 at 114-15.)  The PCR court found Mattison failed to show trial counsel was ineffective because he could not point to a statement in the trial transcript in which the trial judge invited the jury to prematurely deliberate or discuss the case.  (App. at 281, ECF No. 13-2 at 133.)

The court finds the PCR court's finding is not contrary to, or an unreasonable application of, clearly established federal law.  See § 2254(d)(1).  Under Strickland, the burden to show counsel's performance was deficient rest with the defendant.  See Strickland, 466 U.S. at 688.  Mattison failed to show the trial judge improperly allowed or encouraged the jury to deliberate prematurely.  Because Mattison presented no evidence to support his claim, he cannot show trial counsel was deficient.  Accordingly, the PCR court's conclusion that any failure to object was not deficient was not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (f).

### i.  Ground Three (g)

In Ground Three (g), Mattison argues trial counsel was ineffective because he failed to object to the State's pitting witnesses against each other.  At the PCR hearing, Mattison testified the State called multiple police officers to testify, and if any individual officer did not give a satisfactory



answer, the State would call a different officer to testify until the State got the answer it was looking for. (App. at 265-65, ECF No. 13-2 at 116-17.) The PCR court found Mattison failed to show trial counsel should have objected to the State's pitting of witnesses. (App. at 281, ECF No. 13-2 at 133.) Specifically, the PCR court found the officers were not pitted against each other because their testimony was consistent, and therefore, trial counsel had no basis to object. (Id.)

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). For Mattison to show trial counsel was deficient under Strickland, he would have to show trial counsel had a basis under state law to object to the State's examination of its witnesses. See Burgess v. State, 495 S.E.2d 445, 447 (S.C. 1998) ("No matter how a question is worded, anytime a solicitor asks a defendant to comment on the truthfulness or explain the testimony of an adverse witness, the defendant is in effect being pitted against the adverse witness. This kind of argumentative questioning is improper.") (citing State v. Bryant, 447 S.E.2d 852, 855 (S.C. 1994)). The record shows the State never asked Mattison to comment on the testimony of an adverse witness. Further, Mattison's complaint that the State called multiple officers to testify in order to elicit favorable testimony does not constitute improper pitting of witnesses against each other. See Burgess, 495 S.E.2d at 447. Therefore, Mattison failed to show trial counsel had a basis under state law to object to the State's questioning of the officers. See Strickland, 466 U.S. at 688. Accordingly, the PCR court's conclusion that trial counsel was not deficient is not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (g).

### j.    Ground Three (h)

In Ground Three (h), Mattison argues trial counsel was ineffective because he denied Mattison full and fair consideration of his Fourth Amendment claim.  At trial, as detailed above, trial counsel moved to suppress evidence found as a result of Mattison's detainment for driving with an open container, arguing the officer's lacked probable cause to stop Mattison, in violation of the Fourth Amendment.  (App. at 20, ECF No. 13-1 at 22.)

At the PCR hearing, Mattison testified trial counsel was ineffective because he did not raise any Fourth Amendment objections at trial.  (App. at 265, ECF No. 13-2 at 117.)  The PCR court found Mattison failed to show trial counsel did not make objections based on the Fourth Amendment because the trial transcript showed trial counsel challenged the State's evidence on Fourth Amendment grounds, and Mattison failed to articulate what other Fourth Amendment challenges should have been made.  (App. at 281, ECF No. 13-2 at 133.)

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law.  See § 2254(d)(1).  Before trial, trial counsel moved to suppress the State's evidence found incident to Mattison's initial detainment, arguing the State lacked probable cause to detain Mattison, in violation of the Fourth Amendment.  Mattison failed to articulate any other basis upon which trial counsel could have objected to the State's evidence under the Fourth Amendment, and therefore, Mattison failed to show trial counsel's performance was deficient.  See Strickland, 466 U.S. at 688.  Accordingly, the PCR court's finding that Petitioner failed to show trial counsel was deficient was not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment on Ground Three (h).

### k.     Ground Three (i)

In Ground Three (i), Mattison argues trial counsel was ineffective because he vouched for the officers who testified for the State.  At the PCR hearing, Mattison testified trial counsel spoke of each officers' testimony as if they were expert witnesses.  (App. at 26, ECF No. 13-2 at 118.) Mattison also testified trial counsel did not challenge the officers' testimony.  (Id.)  The PCR court found Mattison failed to show trial counsel vouched for the State's witnesses.  (App. at 282, ECF No. 13-2 at 134.)

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law.  See § 2254(d)(1).  To show trial counsel was deficient under Strickland, Petitioner would have to show trial counsel had a basis to object to the State's witnesses' testimony as vouching under state law.  Even assuming as true Mattison's allegations that trial counsel treated the officers as expert witnesses and failed to challenge their testimony, the allegations do not constitute vouching.  See State v. Shuler, 545 S.E.2d 805, 818 (S.C. 2001) ("Improper vouching occurs when the prosecution places the government's prestige behind a witness by making explicit personal assurances of a witness's veracity, or where a prosecutor implicitly vouches for a witness's veracity by indicating information not presented to the jury supports the testimony.") (citing State v. Kelly, 540 S.E.2d 851 (S.C. 2001)).  Further, a review of the record reveals no instance of trial counsel providing assurances for the veracity of the officers' testimony. Id. Because Mattison did not demonstrate any instances of vouching, the PCR court reasonably found that he failed to show trial counsel was deficient.  See Strickland, 466 U.S. at 688.  Accordingly, the PCR court's decision is not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three (i).

### l.    Ground Three (j)

In Ground Three (j), Mattison argues trial counsel failed to object to the State's bolstering of Officer Marsee.  At the PCR hearing, Mattison testified that on cross-examination of Officer Marsee at trial, trial counsel praised Marsee for his longevity in serving as an officer, stated how "good" he thought Marsee's testimony would be, and touted how much credibility Marsee had. (App. at 26, ECF No. 13-2 at 118.)  The PCR court found Mattison failed to show trial counsel should have objected to the State's bolstering of Officer Marsee.  (App. at 282, ECF No. 13-2 at 134.) The PCR court noted Mattison failed to support his claim with evidence in the record, and also found no evidence in the record showing the State bolstered Officer Marsee's testimony.  (Id.)

The court finds the PCR court's decision was not contrary to, or an unreasonable application of, clearly established federal law.  See § 2254(d)(1).  Trial counsel's failure to object could only be considered deficient under Strickland if trial counsel had a legitimate basis to upon which to object—that is, if the State improperly bolstered a witness's testimony under South Carolina law. "Improper bolstering occurs when an expert witness is allowed to give his or her opinion as to whether the complaining witness is telling the truth, because that is an ultimate issue of fact and the inference to be drawn is not beyond the ken of the average juror." State v. Taylor, 745 S.E.2d 124, 128 (S.C. Ct. App. 2013) (quoting State v. Douglas, 626 S.E.2d 59, 71 (S.C. Ct. App. 2006)). Mattison failed to show that the State presented an expert witness to give an opinion as to whether a complaining witness was telling the truth,[3] and therefore, the record fails to support any legitimate basis for trial counsel to object to the State's witnesses' testimony as bolstering.  Further, while the

---

[3] Officer Marsee was qualified as an expert in the distribution and street value of illegal narcotics.  (App. at 141, ECF No. 13-1 at 143.)



record refutes Mattison's allegations that trial counsel praised Officer Marsee on cross-examination (App. at 150, ECF No. 13-2 at 2), such allegations, even if true, do not amount to bolstering. See Taylor, 745 S.E.2d at 128. Therefore, Mattison failed to show trial counsel had a basis to object to the witness' testimony. See Strickland, 466 U.S. at 688. Accordingly, the PCR court's finding that trial counsel was not deficient is not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment on Ground Three (j).

        **m.    Ground Three (k)**

In Ground Three (k), Mattison argues appellate counsel failed to raise claims to the state appellate court concerning the indictment and the legality and duration of his sentence. On appeal from his conviction, appellate counsel filed an Anders brief, asserting the appeal was without legal merit, and briefed one arguable issue pursuant to Anders. (ECF No. 13-4 at 1-10.)

At the PCR hearing, Mattison testified he asked appellate counsel to raise the claim that he was indicted and sentenced under the wrong subsection of the PWID statute (for a third PWID offense, rather than a second), which resulted in an illegal and excessive sentence. See § 44-53-375(B); (App. at 253, ECF No. 13-2 at 105). Mattison also testified appellate counsel should not have filed an Anders brief, and instead, should have made a meritorious legal argument on his behalf. (Id.) The PCR court found Mattison failed to show appellate counsel was ineffective. (App. at 283, ECF No. 13-2 at 135.) The PCR court found Mattison's underlying claim was not preserved for appellate review because he did not object to the indictment or sentence at trial. (App. at 284, ECF No. 13-2 at 136.)

The court finds the PCR court's finding is not contrary to, or an unreasonable application of, clearly established federal law. See § 2254(d)(1). Appellate counsel is allowed reasonable



discretion in deciding what issues to raise on appeal.  See Jones v. Barnes, 463 U.S. 745, 751 (1983)

(stating there is no constitutional right to compel appointed appellate counsel to raise nonfrivolous

issues requested by the client, if counsel, as a matter of professional judgment, decides not to present

those points); Tisdale v. State, 594 S.E.2d 166, 167 (S.C. 2004) ("A defendant is entitled to effective

assistance of appellate counsel.  Although appellate counsel is required to provide effective

assistance of counsel, 'appellate counsel is *not* required to raise every nonfrivolous issue that is

presented by the record.' ") (emphasis in original; internal citation omitted) (quoting Thrift v. State,

398 S.E.2d 523, 526 (1990)).  Mattison failed to show appellate counsel's representation was

deficient for filing an Anders brief because appellate counsel was not required to raise an issue on

appeal that was specifically requested by Mattison.  See Strickland, 466 U.S. at 688; Jones, 463 U.S.

at 751.  Further, as discussed in the court's discussion of Ground Three (a), the underlying claim

about the indictment Petitioner sought to raise on appeal was without merit.  See Scriven, 529 S.E.2d

at 73 ("Where a statute increases the punishment for a second or subsequent offense, the allegation

that the offense charged in the indictment was of that character is unnecessary.").  Therefore,

Mattison failed to show he was prejudiced by appellate counsel's alleged deficiency.  See Strickland

466 U.S. at 693.  Accordingly, the PCR court's finding that trial counsel was not ineffective was not

contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to

summary judgment on Ground (k).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 14) be granted and Mattison's Petition denied.

January 21, 2016
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).