IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony L. Mattison, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 0:15-cv-2323-TLW |
| ) | |
| Warden Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER**

The Petitioner, Anthony L. Mattison ("Petitioner"), brought this action, *pro se*, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 9, 2015. (Doc. #1). Respondent filed a Return and Memorandum (Doc. #13) and a Motion for Summary Judgment (Doc. #14) on August 21, 2015. Petitioner filed a Response opposing Respondent's motion on September 21, 2015. (Doc. #17). Respondent did not file a Reply to Petitioner's response.

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on January 21, 2016 by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (DSC). (Doc. #22). In the Report, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted and that Petitioner's § 2254 petition be dismissed. (Doc. #44). Petitioner filed timely Objections to the Report on February 25, 2016.[1] (Doc. #29).

---

[1] Because Petitioner is incarcerated, his Objection is considered filed on the date it was properly delivered to prison officials for mailing to the court. Houston v. Lack, 487 U.S. 266, 276 (1988).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the relevant filings, the Report and Recommendation, and Petitioner's objections. The Report and Recommendation in this matter includes a thorough analysis of each claim and the record, and properly applies the law. Accordingly, after careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #22). For the reasons articulated by the Magistrate Judge, Respondent's motion for summary judgment is **GRANTED**. (Doc. #14). Petitioner's § 2254 petition is **DISMISSED**. (Doc. #1).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

March 7, 2016
Columbia, South Carolina